Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| SAMUEL SIERRA PLÁCERES<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00116 | *Revisión de Decisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>GMA1000-65-24<br>GMA1000-65-26<br><br>Sobre:<br>Revisión Judicial |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 29 de abril de 2026.

El 17 de marzo de 2023, compareció el señor Samuel Sierra Pláceres (en adelante, señor Sierra Pláceres o parte recurrente), ante este Tribunal de Apelaciones, por derecho propio, o *In Forma Pauperis*, mediante recurso de revisión judicial[1]. Por medio de este, nos solicita la revisión de la *Respuesta al Miembro de la Población Correccional,* emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, parte recurrida). En virtud de la aludida respuesta, la División de Remedios Administrativos desestimó la *Solicitud de Remedio Administrativo* instada por la parte recurrente.

Por los fundamentos que adelante se exponen, se *desestima* el recurso de epígrafe, por falta de jurisdicción al tornarse académico.

---

[1] Conforme surge del escrito, el recurso de epígrafe fue suscrito por el señor Sierra Pláceres el 5 de marzo de 2026, por lo cual, damos por presentado el recurso en dicha fecha.

**I**

Según surge del expediente, el 30 de octubre de 2025, fue presentado el *Informe de Querella de Incidente Disciplinario* en contra del señor Sierra Pláceres. En dicho documento, se le imputó a la parte recurrida haber incurrido en violación de los Códigos 129 y 139 del *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional*, Reglamento Núm. 9221-2020. Como parte del proceso disciplinario, al señor Sierra Pláceres se le realizó una prueba toxicológica, cuyo resultado fue parte de la prueba documental.

Posteriormente, el Departamento de Corrección y Rehabilitación (DCR), emitió *Resolución* el 29 de diciembre de 2025, notificada el 13 de enero de 2026. El DCR encontró incurso a la parte recurrente, por infringir el Código 139 del Reglamento Núm. 9221-2020. Dicho Código 139 dispone que se considerará como acto prohibido nivel I:

> Estar Bajo los Efectos del Alcohol o Cualquier Tipo de Bebida Embriagante, Sustancias Controladas o Medicamentos - Se prohíbe estar bajo los efectos del alcohol o cualquier tipo de bebida embriagante, sustancias controladas o medicamentos sin autorización médica.

Por motivo de lo anterior, se le impuso una sanción disciplinaria al señor Sierra Pláceres.

Más adelante, oportunamente la parte recurrida solicitó *Reconsideración*, la cual fue declarada No Ha Lugar mediante *Resolución* emitida el 12 de febrero de 2026, y notificada el 26 de febrero de 2026.

Así las cosas, el 26 de enero de 2026[2], la parte recurrente presentó *Solicitud de Remedio Administrativo* Núm. GMA-1000-65-26. Mediante esta, solicitó que se le proveyera la copia del resultado

---

[2] Firmada el 20 de enero de 2026.

de la prueba toxicológica que le realizaron como parte del proceso disciplinario en su contra.

En igual fecha, la División de Remedios Administrativos, emitió *Respuesta al Miembro de la Población Correccional* donde desestimó la *Solicitud de Remedio Administrativo*, por esta ser presentada fuera del término dispuesto.

El 19 de febrero de 2026[3], el señor Sierra Pláceres presentó *Solicitud de Reconsideración*, en la cual reiteró que procedía que se le entregara copia del documento en cuestión. En la misma fecha, la parte recurrida emitió *Respuesta de Reconsideraci[ó]n al Miembro de la Población Correccional*. En virtud de esta, denegó la reconsideración de la parte recurrente, y dispuso lo siguiente:

> Luego de evaluar la totalidad del expediente determinamos lo siguiente: se modifica la Respuesta de la Evaluadora.
>
> Sr. Sierra Placeres, en su Solicitud de Remedio usted expresó su interés en que se haga entrega de una copia de un resultado de una prueba toxicológica. [T]ransferencia de teléfono. El caso fue discutido en el Área de Sociales. Nos informaron que la Técnico de Servicios Sociopenales le hará llegar dicho documento.

Aun inconforme, la parte recurrente acudió ante este foro revisor, mediante el recurso de epígrafe. Aunque el señor Sierra Pláceres no formuló ningún señalamiento de error, este nos solicita que le ordenemos al DCR que le entregue copia de los resultados de la prueba toxicológica.

Transcurridos varios trámites procesales, innecesarios pormenorizar, el 21 de abril de 2026, el DCR, representado por la Oficina del Procurador General de Puerto Rico, presentó *Solicitud de Desestimación*. Según la parte recurrida, procede la desestimación del recurso de epígrafe por tornarse académico, debido a que el 20 de abril de 2026, le entregó copia del documento solicitado a la parte recurrente.

---

[3] Firmada por la parte recurrida el 5 de febrero de 2026.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020).[4] Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power, Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022).[5] La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374, 386 (2020).[6]

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015); *R&B Power, Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

---

[4] Véase *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).

[5] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[6] *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).

### B. Academicidad

Como es sabido, los tribunales revisores solo podremos resolver los casos que sean justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017); *Buxó Santiago v. ELA et als.*, 2024 TSPR 130, 215 DPR ___ (2024).[7] La doctrina de la justiciabilidad de las causas gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de estos. Dicha doctrina nace del principio elemental de que los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas, que tienen un interés real en obtener un remedio judicial que haya de afectar sus relaciones jurídicas. Esto es, para el ejercicio válido del poder judicial se requiere la existencia de un caso o controversia real. *Smyth, Puig v. Oriental Bank*, 170 DPR 73, 75 (2007); *Bhatia Gautier v. Gobernador*, supra, pág. 68; *Buxó Santiago v. ELA et als.* supra. Según lo dispuesto por nuestro Máximo Foro, una controversia no es justiciable cuando: (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; (4) las partes están tratando de obtener una opinión consultiva; o (5) se intenta promover un pleito que no está maduro. *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021); *Bhatia Gautier v. Gobernador*, supra, págs. 68-69.

Una de las manifestaciones concretas del principio de justiciabilidad es la doctrina de academicidad. *Smyth, Puig v. Oriental Bank*, supra, pág. 78. Sobre el particular, nuestro más Alto Foro ha reconocido que los tribunales pierden su jurisdicción sobre una controversia cuando, durante el trámite judicial, ocurren cambios fácticos o judiciales que tornan en académica o ficticia su

---

[7] Véase también *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 932 (2011).

solución. Esto es, el foro judicial no puede entender sobre un caso que ha perdido su condición de controversia viva y presente en atención a los cambios fácticos o de derecho acaecidos en el transcurso del tiempo. *Pueblo v. Pagán Medina*, 177 DPR 842, 844 (2010); *Buxó Santiago v. ELA et als.* supra; *Super Asphalt v. AFI y otros*, supra, pág. 816. Asimismo, deberán ser evaluados los eventos anteriores, próximos y futuros, a los fines de determinar si la controversia entre las partes sigue viva y subsiste con el tiempo. *Íd.*

Una vez se determina que ha desaparecido el carácter adversativo entre los intereses de las partes involucradas, los tribunales pierden su jurisdicción en el pleito y, por tanto, deben abstenerse de considerar el caso en sus méritos. Con esta limitación sobre el poder de los tribunales, se persigue evitar el uso innecesario de los recursos judiciales y obviar pronunciamientos autoritativos de los tribunales que resulten superfluos. (Citas omitidas). *Smyth, Puig v. Oriental Bank*, supra, pág. 78. Véase *Super Asphalt v. AFI y otro*, supra, pág. 816.

Sin embargo, existen varias excepciones a la doctrina de academicidad: a saber, cuando se plantea una cuestión recurrente y que por su naturaleza evade o se hace muy difícil la adjudicación ante los tribunales; en aquellos casos en que la propia demandante termina voluntariamente su conducta ilegal; si la situación de hechos ha sido modificada por el demandado, pero no tiene visos de permanencia; en los casos en que el tribunal ha certificado un pleito de clase y la controversia se tornó académica para un miembro de la clase, mas no para el representante de la misma; o aquellos casos que aparentan ser académicos, pero que en realidad no lo son por sus consecuencias colaterales. *El Vocero v. Junta de Planificación*, 121 DPR 115 (1988); *Smyth, Puig v. Oriental Bank*, supra, pág. 78.

Como corolario de lo anterior, la Regla 83 (B)(5) y (C) del Reglamento del Tribunal de Apelaciones expone lo siguiente:

(B)   Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

[. . . . . . . .]

(5)   Que el recurso se ha convertido en académico.

(C)   El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[8]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

Mediante su recurso, el señor Sierra Pláceres nos solicita que le ordenemos al DCR entregarle copia de los resultados de la prueba toxicológica que le fue realizada como parte de un proceso disciplinario en su contra.

De acuerdo al derecho reseñado, los tribunales revisores sólo podemos resolver los casos que sean justiciables.[9] Una controversia no es justiciable cuando se torna académica. En lo pertinente, nuestra última instancia judicial ha reconocido que, los tribunales pierden su jurisdicción sobre una controversia cuando, durante el trámite judicial, ocurren cambios fácticos o judiciales que tornan en académica o ficticia su solución.[10] Los tribunales no pueden entender sobre un caso que ha perdido su condición de controversia viva y presente en atención a los cambios fácticos o de derecho acaecidos en el transcurso del tiempo.

Debido a que el 20 de abril de 2026, la parte recurrida le hizo entrega de lo solicitado al señor Sierra Pláceres, el recurso se tornó académico. Consecuentemente, procede su desestimación ya que

---

[8] Regla 83 (B)(5) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

[9] *Super Asphalt v. AFI y otros*, supra, pág. 815; *Aponte Rosario et al. v. Pres. CEE II*, supra; *Bhatia Gautier v. Gobernador*, supra, pág. 68; *Asoc. Fotoperiodistas v. Rivera Schatz*, supra, pág. 932.

[10] *Super Asphalt v. AFI y otros*, supra, pág. 816; *Bhatia Gautier v. Gobernador*, supra, pág. 73.

carecemos de jurisdicción para atenderlo. Reiteramos que, cuando un tribunal carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos.[11]

**IV**

Por los fundamentos que anteceden, se *desestima* el recurso de epígrafe por falta de jurisdicción al tornarse académico.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] *Allied Management Group, Inc. v Oriental Bank*, supra, págs. 386-387; *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* supra, supra, 268; *Suffront v. A.A.A.,* supra, pág. 674.